IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------x
In re                                      :
                                           :         In Chapter 11
        SHIRLICK CORP OF PA                :
                                           :         Bankruptcy No. 17-16744 (AMC)
                Debtor                     :
                                           :  Hearing Date: May 2, 2018 at 11:00am
                                           :  Objection Date: April 13, 2018
-------------------------------------------------------x
```

## CITY OF PHILADELPHIA'S MOTION TO DISMISS PURSUANT TO SECTION 1112

AND NOW, comes the City of Philadelphia, (the "City"), a secured and priority creditor in the above-captioned case, by and through its Counsel, Pamela Elchert Thurmond, Deputy City Solicitor, pursuant to Bankruptcy Code § 1112(b)(1), to move to dismiss the bankruptcy case of Debtor, Shirlick Corp. of Pa.

The Debtor's bankruptcy case should be dismissed because the Debtor has failed to: 1) file tax returns owed after the date of the order for relief; 2) the Debtor has failed to file the required monthly operating reports and, 3) show there is a reasonable likelihood of rehabilitation.

The City avers the following in support thereof:

**FACTUAL STATEMENT**

1. This Debtor filed for bankruptcy protection, the first time, under Case Number 17-10867, on February 7, 2017. The Debtor's case was dismissed on June 14, 2017.

2. The Debtor filed its current Chapter 11 bankruptcy case on October 2, 2017.

3. A list of all real property owned by the Debtor was filed on October 17, 2017, which included the property located at 2323-25 Mifflin Street.

1

4. The Subject Property is alleged to have a current value of One Hundred Eighty-Six Thousand Fifty Dollars ($186,050). See Exhibit A.

5. On December 7, 2017, the City filed a secured claim amounting to Twelve Thousand Eight Hundred Thirty-Six Dollars and Forty-Nine Cents ($12,836.49) for water debt (the "Water Claim") owed by the Debtor to the City for the Subject Property. A copy of the Water Claim filed by the City is attached hereto as Exhibit A.

6. On November 29, 2017, the City filed a claim amounting to Eight Hundred Ninety-Two Thousand Sixty-Six Dollars and Five Cents ($892,066.05) of which One Hundred Eighty-Nine Thousand Eight Hundred Twenty-Six Dollars ($189,826) is a secured claim for judgments (the "Tax Claim") owed by the Debtor to the City and Six Hundred Sixty-Two Thousand Six Hundred Sixty-Nine Dollars and Fifteen Cents ($662,669.15) is a priority tax claim for unpaid business and trust taxes. A copy of the Tax Claim filed by the City is attached hereto as Exhibit B.

7. Since the bankruptcy filing, the Debtor has failed to file post-petition Use & Occupancy tax returns and failed to pay post-petition water debt.

8. As of the date of this filing, the Debtor owes the City post-petition Use & Occupancy tax returns for the periods October 2017 to present and post-petition Liquor tax coupons for the periods October 2017 to present.[1]

---

[1] The Debtor also owes the City pre-petition tax coupons for Liquor for the periods January 2017 to September 2017.

**LEGAL ARGUMENT**

**THE DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED BECAUSE THE DEBTOR HAS FAILED TO FILE AND PAY POST-PETITION TAX RETURNS AND THERE IS AN ABSENCE OF A REASONABLE LIKELIHOOD OF REHABILITATION.**

9. The Debtor's bankruptcy case should be dismissed for cause pursuant to Section 1112(b) of the Bankruptcy Code because the Debtor has failed to file and pay post-petition taxes to the City and there is an absence of a reasonable likelihood of rehabilitation.

10. Section 1112(b)(1) of the Bankruptcy Code specifies "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."

11. Pursuant to 1112(b)(4), cause includes:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;
(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee. . .;
(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
(K) failure to pay any fees or charges required under chapter 123 of title 28;
(L) revocation of an order of confirmation under section 1144;

3

(M)    inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan; or,

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan;

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

12. The examples of cause listed in Section 1112(b)(4) of the Bankruptcy Code are meant to be "illustrative and not exhaustive." In re Ramreddy, Inc., 440 B.R. 103, 112 (Bankr. E.D. Pa. 2009).

13. If the moving party establishes an initial showing of cause then the burden shifts to the Debtor to show "unusual circumstances" exist for the exception in Section 1112(b)(2). Id.

14. The Debtor's bankruptcy case should be dismissed because the Debtor has failed to timely file tax returns owed after the date of the order of relief pursuant to Section 1112(I).

15. In reviewing an 1112 dismissal motion, the Debtor must show its proposed plan is more than a financial pipe dream. Thus, Courts held that "in evaluating the merits of a § 1112(b) motion [even] at a relatively early stage in the case, bankruptcy courts are not stringent in assessing the feasibility of the debtor's proposed reorganization plan . . . however, when the movant's evidence raises a bona fide question whether there is a reasonable likelihood of a successful reorganization, the debtor must make some record to support the conclusion that the proposed reorganization has some plausibility and is not a 'mere financial pipe dream.'" In re Ramreddy, Inc., 440 B.R. at 114 (internal citations omitted).

16. "Under Code § 1112(b)(2), a court may dismiss or convert a Chapter 11 case if it determines that it is unreasonable to expect that a plan can be confirmed." In re Pensignorkay, Inc., 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997).

17. The Debtor has been in and out of bankruptcy for the last year without a clear plan of how it can reorganize.

18. The Debtor has not file any monthly operating reports in either of its two bankruptcy cases in violation of Section 1112(b)(4)(F). Thus, the creditors have no information about the Debtor's income and expenses.

19. For the reasons identified above, the City believes the Debtor's bankruptcy case shall be dismissed pursuant to Section 1112(b) because it failed to file post-petition tax returns.

WHEREFORE, the City respectfully requests that this Honorable Court GRANT the City's motion to dismiss the bankruptcy case.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: March 30, 2018

By: /s/ Pamela Elchert Thurmond
PAMELA ELCHERT THURMOND
Deputy City Solicitor
PA Attorney I.D. 202054
Attorney for the City of Philadelphia
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA 19102-1595
215-686-0508 (phone)
Email: Pamela.Thurmond@phila.gov